946 F.2d 127
 292 U.S.App.D.C. 37
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Joseph Carl HOYT, Appellant.
 No. 90-3169.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 18, 1991.
 
 Before HARRY T. EDWARDS, STEPHEN F. WILLIAMS and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 On May 17, 1990, appellant Joseph Hoyt was convicted by a jury on one count of possession of an unregistered firearm, 26 U.S.C. §§ 5811, 5871, and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). On July 20, 1990, the District Court (Flannery, J.) sentenced Hoyt to 41 months imprisonment.
 
 
 5
 Hoyt's appeal challenges the District Court's decision to exclude from evidence a photograph unless the defense agreed to put on a witness who would testify regarding the origin of some writing pictured in the photograph. We affirm the judgment of the trial court.
 
 
 6
 On December 1, 1989, Detective Timothy Doughty was in the vicinity of 4900 F Street, Southeast. As he approached a group of people, Doughty observed Hoyt holding a long object covered by a cloth. Upon seeing the officer, Hoyt ran into 4909 F Street, S.E., the residence of Ms. Mary Dockery. The officer followed and observed Hoyt jump from an upper floor window without the object. Detective Doughty and Ms. Dockery searched the premises, and Ms. Dockery found a machine pistol with silencer and a pillowcase under the mattress in her daughter's bedroom. The photograph in question, Defense Exhibit 12, showed the door to the room. On the door to the room was a deadbolt lock and a sign telling others to keep out which allegedly was signed by someone other than Ms. Dockery's daughter. The defense wished to introduce the photograph in support of its theory that 4909 F Street was a crack house and therefore the gun belonged to the house. The trial court refused to admit the picture without testimony from Ms. Dockery as to the sign's origin and import. Ms. Dockery testified out of the presence of the jury that her daughter had indeed written and signed the rules. The trial judge expressed concern that the jury would be misled by defense counsel's arguments about the content and import of the photograph without Ms. Dockery's testimony.
 
 
 7
 For purposes of this disposition, we will assume without deciding that the photograph was sufficiently authenticated by comparison with previously admitted Government Exhibit 11, which showed the door from another angle. (The writing on the sign was illegible in Government Exhibit 11.) See Fed.R.Evid. 901(b)(3) (permitting authentication by comparison with other admitted evidence); United States v. Rembert, 863 F.2d 1023, 1028 (D.C.Cir.1988) (holding that photographs may be self-authenticating; testimony by a person with knowledge of the scene depicted not necessary). We therefore will assume that the trial judge's decision to condition admission on Ms. Dockery's testimony was error.
 
 
 8
 Nevertheless, we find any error harmless. Had the defense been permitted to enter the photograph without the testimony, the government could have called Ms. Dockery. Appellant suggests that the government would not have followed that course because cross-examination of Ms. Dockery would have revealed that she actually did run a crack house. This explanation is not credible. The simple point is that the defense could have elicited any assertedly damaging testimony from Ms. Dockery had it decided to call her in order to introduce the photograph into evidence. See Fed.R.Evid. 607 (either party may impeach a witness); id. Advisory Committee Note (the Federal Rules do not follow the common-law practice that a party vouches for its witnesses). By choosing to proceed without the photograph instead of with the photograph and Ms. Dockery's explanation, the defense demonstrated that, on balance, it considered Ms. Dockery's testimony more damaging than beneficial.
 
 
 9
 Additionally, we do not perceive that admitting the photograph would have "substantially swayed" the judgment. Kotteakos v. United States, 328 U.S. 750, 765 (1946). Although based on circumstantial evidence, the government's case was tight. Detective Doughty testified that he saw Hoyt with a long object covered by a cloth; Hoyt ran into 4909 F with the object, ran upstairs, and then jumped out the window without the object; and the gun was found in 4909 F along with a pillowcase that was the same weight and texture of the cloth Detective Doughty had seen. See also United States v. Hernandez, 780 F.2d 113, 119 (D.C.Cir.1986) (among other factors, a court will decide whether the case was "not close" in deciding whether or not an evidentiary error was harmless).